**SCREEN GEMS–COLUMBIA MUSIC, INC., et al., Plaintiffs-Appellees,**

v.

**METLIS & LEBOW CORP., Defendant-Appellant,**

and

**Mark-Fi Records, Inc., et al., Defendants.**

**No. 200, Docket 71–1562.**

United States Court of Appeals, Second Circuit.

Argued Oct 27, 1971.

Decided Jan. 4, 1972.

Robert C. Osterberg, New York City (Abeles & Clark, New York City, on the brief), for plaintiffs-appellees.

Seymour M. Liebowitz, New York City (Burton Ritter, New York City, on the brief), for defendant-appellant.

Before LUMBARD, HAYS and OAKES, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Southern District of New York. The decision is reported at Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp., 327 F.Supp. 788 (S.D.N.Y.1971). The sole issue presented here is whether the district court should have reduced the judgment against appellant by amounts paid in settlement of the suit by three codefendants before trial.

Plaintiffs allege that defendants infringed plaintiffs' copyrights in violation of provisions of the Copyright Act, Sections 1(e) and 101(e), 17 U.S.C. §§ 1(e), 101(e) (1970), by the manufacture and sale of a phonograph record that contained four of plaintiffs' copyrighted songs.

Appellant Metlis & Lebow Corp. is an advertising agency that placed advertise-ments for the records with several radio stations.

Before trial, defendants WMCA, Inc. and Westinghouse Broadcasting Co., Inc., which owned radio stations that advertised the record, and defendant Advertising Distributors of America, Inc., which packaged and mailed most of the records sold, each paid $1,000 to plaintiffs in settlement, or a total of $3,000. Plaintiffs executed a standard form of release, discharging all liability of the settling defendants arising from the infringing record, but expressly reserving plaintiffs' rights against all other persons. The settling defendants also agreed to consent judgments enjoining them for ten years from infringing plaintiffs' copyrights in the songs that are the subject of this suit. It was expressly provided that the consent judgments would not constitute a bar to actions brought by the plaintiffs against any non-settling defendants. It was also provided that by consenting to the judgments the settling defendants did not concede liability.

In addition to the settling defendants, only Metlis & Lebow, Stanley Lebow individually,[1] and one Monte Bruce, a former employee of Metlis & Lebow, were served with process. The case went to trial against Metlis & Lebow and Bruce, though Bruce did not appear after he was served and was represented by Metlis' attorney in order to avoid a default judgment. The district court, trying the case without a jury, found that Metlis & Lebow and Bruce were liable for the sale of 60,053 records which infringed the four plaintiffs' copyrights and awarded the statutory royalty of two cents per record, or $1201.06, for each plaintiff, resulting in a total liability of $4804.24. The court held that Metlis was not entitled to have its liability reduced by the amount of the prior settlement. However, partly on the ground that plaintiffs would receive a recovery in excess of the statutory amount, it refused to award attorneys'

1. Summary judgment was granted in favor of Stanley Lebow.

fees under 17 U.S.C. § 116 (1970). Metlis does not contest its liability on this appeal; it cites as error only the court's failure to reduce the judgment by the amounts paid by the settling defendants.

■ Copyright infringement is in the nature of a tort, for which all who participate in the infringement are jointly and severally liable. Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971); Ted Browne Music Co. v. Fowler, 290 F. 751, 754 (2d Cir. 1923). Under elementary principles of tort law a plaintiff is entitled to only one recovery for a wrong. Payments made in partial satisfaction of a claim are credited against the remaining liability. See, e. g., Schumacher v. Rosenthal, 226 F.2d 946 (7th Cir. 1955); Restatement of Torts § 885(3) (1939); Prosser, Handbook of the Law of Torts 272–73 (3d ed. 1964). The reservation of rights against others has no effect on the right to credit payments against the remaining liability.[2]

Appellees urge, and the district court held, that since the settling defendants had not admitted any liability, it could not be said that the settlement was in partial satisfaction of an obligation. However, as the Restatement of Torts, Second, says:

"Payments made by any person in compensation of a claim for a harm for which others are liable as tortfeasors diminish the claim against them, *whether or not the person making the payment is liable to the injured person, and whether or not it is so agreed at the time of payment.*" (Emphasis supplied.) Restatement (Second) of Torts, § 885(3) (Tentative Draft No. 16, 1970).

■■ The confusion about the application of the foregoing principles has apparently been caused largely by the decision of this court in Shapiro, Bernstein & Co. v. Goody, 248 F.2d 260 (2d Cir. 1957), cert. denied, 355 U.S. 952, 78 S.Ct. 536, 2 L.Ed.2d 529 (1958), which held that where one defendant had manufactured the infringing records and another had sold them, their liability was several, and separate recoveries could be had against each. That case is to be limited to its facts. Its rationale was that manufacture and sale were separate infringements, because the Copyright Act refers, in Section 101(e), to "infringement of such copyright by the unauthorized manufacture, use *or* sale of" phonograph records (emphasis supplied). As the court noted in the later case of Shapiro, Bernstein & Co. v. H. L. Green Co., 316 F.2d 304 (2d Cir. 1963), *Goody* did not present "the possibility of double recovery for a single sale," *id.* at 309. We hold that the Copyright Act allows only a single recovery for a single sale; where multiple defendants are all involved with sales, as are Metlis & Lebow and the settling defendants here, their liability is joint and several and recovering from one reduces the liability of the others.

■ As we noted above, the district court refused to award attorneys' fees to plaintiffs in part because it thought that they would recover more than the statutory royalty. Since this was error, we agree with appellees that the case must be remanded for reconsideration of those fees.

The case is remanded to the district court with directions to reduce the judgment against appellant by $3000, and to reconsider appellees' claim for attorneys' fees.

2. "Payments made by one of the tortfeasors on account of the tort either before or after judgment, diminish the claim of an injured person against all others responsible for the same harm. This is true although it was agreed between the payor and the injured person that the payment was to have no effect upon the claims against the other." Restatement (Second) of Torts, comment e to Section 885 (3) (Tentative Draft No. 16, 1970). The only effect of a plaintiff's reservation of rights against other defendants is to overcome the old common-law rule that otherwise a release would *completely* discharge non-settling defendants. Prosser, *supra* at 271.