**BROADCAST MUSIC, INC., Plaintiff,**

v.

**CLUB 30, INC., Defendant.**

**Civ. No. F 82–312.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Jan. 28, 1983.

James E. Hughes, Sommer & Barnard, Indianapolis, Ind., Marvin L. Berenson, New York City, Robert E. Grant, Fort Wayne, Ind., for plaintiff.

Harold W. Myers, Fort Wayne, Ind., for defendant.

## ORDER

LEE, District Judge.

On July 6, 1982, plaintiff, Broadcast Music, Inc. (hereinafter BMI), filed suit in this Court pursuant to 17 U.S.C. § 101, alleging copyright infringement. The complaint alleges eight instances of copyright infringement by public performance for profit of protected works at defendant's establishment. Defendant has answered the complaint and demanded a jury trial. Plaintiff moved to strike that demand on October 18, 1982 and has filed a memorandum in support of its motion to which defendant has not replied. This matter is presently before the Court on that motion.

Present plaintiff seeks to strike the jury demand arguing that its claims for relief are entirely equitable in nature. The complaint indicates that plaintiff seeks a permanent injunction restraining defendant from further infringement, minimum statutory damages and costs, and reasonable attorney fees. Since it is beyond question that a request for injunctive relief is purely equitable, the only issue to be resolved is whether the plaintiff's demand for minimum statutory damages entitles the defendant to a trial by jury. No decision by the Supreme Court or the Seventh Circuit on the question has been cited or found. The Circuit Courts of Appeals and the district courts are divided on the issue. *Compare Twentieth Century Music Corp. v. Frith,* 645 F.2d 6 (5th Cir.1981); *Caymen Music Ltd. v. Reichenberger,* 403 F.Supp. 794 (W.D.Wis.1975) *with Gnossos Music v. Mitken, Inc.,* 653 F.2d 117 (4th Cir.1981); *Chappel & Co. v. Pumpernickel Pub,* 79 F.R.D. 528 (D.Conn.1975).

Initially, it should be recognized "that the question of the right to a jury in litigating a statutorily-created right should be decided as a matter of statutory construction rather than of constitutional interpretation whenever possible." *Gnossos, supra,* at 119. It is to the language of the statute which the Court now turns.

In pertinent part, the Copyright Act of 1976 provides:

> (a) In General.—Except as otherwise provided by this title, an infringer of copyright is liable for either—
>
> > (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or
> >
> > (2) statutory damages, as provided by subsection (c).
>
> . . . .
>
> (c) Statutory Damages.—
>
> > (1) ... the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, ... in a sum of not less than $250 or more than $10,000 as the *court* considers just.

17 U.S.C. §§ 504(a), (c)(1) (emphasis added). A fair reading of the statute provides no answer to the present inquiry because the question of the right to trial by jury in copyright actions is not specifically addressed. The only language which may have relevance to the inquiry is that dealing with the "court's" discretion and there is some authority for the proposition that Congress intended "court" to mean "judge." *Broadcast Music, Inc., et al. v. Papa John's, Inc.,* Civil No. 78–119, pp. 8–9 (N.D.Ind. 1979), *but cf. Gnossos, supra,* at 119 (language regarding "court" ambiguous as to Congressional intent). Taken in total, those courts which have analyzed the Congressional intent underlying the Copyright Act have concluded that the statutory language is not conclusive and have instead grounded their decisions on an analysis of the Seventh Amendment. This Court sees no alternative but to do the same.

The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved ...." United States Constitution amend. VII. The "common law" referred to in this amendment is not limited to that which existed at the time the

amendment was ratified. As stated by the United States Supreme Court:

> ... By *common law,* [the framers of the amendment] meant ... not merely suits, which the *common* law recognized among its old and settled proceedings, *but suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered ....* In a just sense, the amendment, then, may well be construed to embrace all suits which are not of equity and admiralty jurisdiction, whatever may be the peculiar form which they may assume to settle legal rights.

*Curtis v. Loether,* 415 U.S. 189, 193, 94 S.Ct. 1005, 1007–1008, 39 L.Ed.2d 260 (1974) (emphasis added); *see also Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). As the foregoing passage suggests, not all new statutory causes of action carry with them the right to a jury trial. Rather, the Seventh Amendment applies only to the extent that "the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis, supra,* at 194, 94 S.Ct. 1008. Such a determination can best be made by applying the applicable portion of the three prong test listed in *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). Under *Ross,* the factors to be considered in determining the "legal" nature of an issue are: (1) the custom followed in such questions prior to the merger of law and equity, (2) the remedy sought, and (3) the practical abilities and limitations of juries. *Id.* at 538, 90 S.Ct. 738.

In the present matter, it appears that neither the pre-merger custom nor practical abilities and limitations of the jury are conclusive. With respect to pre-merger custom it appears that copyright infringement actions requesting statutory damages were well known to both courts of law and courts of equity.[1] Likewise, a review of the prac-

tical limitations of a jury is not of much benefit because it appears that the questions involved in a suit such as this are well within the abilities of a jury. Consequently, the determinative factor is the nature of the relief sought.

■ In the present matter, plaintiff is seeking statutory damages "in a sum of not less than $250 or more than $10,000 as the court considers just." 17 U.S.C. § 504(c)(1). This request for statutory damages is *in lieu of* actual damages as allowable under 17 U.S.C. § 504(a)(1). Though monetary damages are often viewed as a form of "legal" relief, not all forms of monetary damages are "legal" in nature. *See Curtis, supra,* at 196, 94 S.Ct. 1009; *see also* 42 U.S.C. § 2000e–5(g) (back pay awards under Title VII).

■ Upon consideration of the matter, this Court is of the view that the statutory damages provided by Congress for violations of the Copyright Act are equitable and not legal in nature. In reaching this conclusion, the Court is not unmindful of the Seventh Amendment's guarantee to the right to trial by jury in civil actions and the strong support which must be given that right in the federal court system. Concomitantly, this Court recognizes that no such right exists where the relief sought is purely equitable in nature.

The conclusion that the relief sought in the present matter is grounded in equity stems largely from the fact that the damages sought are to be awarded only in lieu of actual damages and then only as "the court considers just." Were plaintiff seeking actual damages, the right to trial by jury would be held inviolate. *See e.g., Arnstein v. Porter,* 154 F.2d 464 (2nd Cir.1946). The statutory damages provided by Congress create a remedy where actual damages are not provable at law. *See Gnossos, supra,* at 118–119. "In this sense at least, Congress has simply authorized by statute what equity courts have long done as a matter of course, *i.e.,* not to suffer a wrong

---

1. For a discussion of the alternate approaches taken in this area *see BMI v. Papa John's, Inc.,* *supra,* pp. 4–6.

without a remedy. In codifying this remedy, Congress did not remove it from the equitable jurisdiction of the courts, instead they simply provided guidelines to be used by the courts in the exercise of their discretion." *Broadcast Music, Inc. v. Papa John's, supra,* at 7.

On the basis of the foregoing, this Court adheres to the decisions of this Court in *Broadcast Music, Inc. v. Papa John's, Inc.,* Civil No. F 78–119 (February 5, 1979); *Cherry Lane Music Co. v. Faulk,* Civil No. F 76–117 (April 1, 1977); and *Fourth Floor Music, Inc. v. Papa John's, Inc.,* Civil No. F 76–129 (April 1, 1977). Accordingly, plaintiff's October 18, 1982 Motion to Strike defendant's jury demand is GRANTED. This matter will be tried to the Court.