**Arch OBOLER and Nostalgia Lane, Inc., Appellees,**

v.

**J. David GOLDIN, Kos Records, Radio Yesteryear, and Radiola Records, Appellants.**

**No. 1393, Docket 83–7153.**

United States Court of Appeals, Second Circuit.

Argued June 10, 1983.

Decided Aug. 1, 1983.

**212**

Philip C. Pinsky, Pinsky & Pliskin, Syracuse, N.Y. (Ronald Gene Wohl, Ralph I. Greenhouse, George Skandalis, Syracuse, N.Y., Ferziger Wohl Finkelstein & Rothman, New York City, on the brief), for appellants.

Jon Michael Probstein, Probstein & Napolitano, New York City (Anthony Napolitano, Glenn R. Gottfried, New York City, of counsel), for appellees.

Before OAKES and PRATT, Circuit Judges, and METZNER, District Judge.*

PER CURIAM:

We are reviewing a directed verdict for the holder of copyrights and his exclusive licensee, who sought damages for the unauthorized use of old time radio plays. At the close of defendants' case before a jury, the United States District Court for the Southern District of New York, Robert J. Carter, Judge, directed a verdict on liability, and made findings on compensatory and punitive damages. By order, he enjoined Goldin, doing business under the names Kos Records, Radio Yesteryear, and Radiola Records, from producing, distributing, selling, or offering for sale any sound reproduction of Oboler's radio plays. The court awarded $33,000 compensatory damages to the exclusive licensee, Nostalgia Lane, Inc.; $15,000 punitive damages to both plaintiffs;

$10,000 attorney's fees; and $3,295 costs. We affirm in part and vacate and remand in part.

Whether a verdict should be directed is a question of law; the appellate court therefore applies the same standard on review as did the trial court in granting the motion. A directed verdict is, of course, proper when, without weighing the credibility of the evidence, and viewing the evidence in the light most favorable to the party against whom the motion is made, *Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 696, 82 S.Ct. 1404, 1409, 8 L.Ed.2d 777 (1962), a reasonable jury could reach only one proper conclusion. *Simblest v. Maynard,* 427 F.2d 1, 4 (2d Cir.1970).

After review of the trial record, we affirm the directed verdict as to liability, Judge Carter correctly determined that a reasonable jury could only conclude that Goldin was a copyright infringer because he had violated the exclusive rights of the legal owners of those rights, Oboler and Nostalgia Lane, Inc. 17 U.S.C. § 501(a), (b); *Hoehling v. Universal City Studios, Inc.,* 618 F.2d 972, 977 (2d Cir.), *cert. denied,* 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980). Oboler owned, registered, and renewed copyrights to fourteen radio shows. In 1978, he granted an exclusive license to Nostalgia Lane, Inc., to distribute and sell these shows. Goldin, doing business under various names, sold tapes of some, if not all of these shows after 1978, and continued to sell the tapes after notice from plaintiffs of his infringement and, indeed, after filing of this legal action. Once Oboler established the fact of copyright ownership and infringement, the burden of proof shifted to Goldin to show invalidity or waiver of the copyright; the testimony was insufficient to establish either.

We vacate the directed verdict on damages, which should not have been taken from the jury, and remand for one of two courses of action: election of statutory damages, which may be awarded by the court in its discretion, 17 U.S.C. § 504(a)(2),

*Of the Southern District of New York, sitting by designation.

(c); or a new trial limited to the issue of actual damages plus infringer's profits, 17 U.S.C. § 504(a)(1), (b). If the action proceeds to a new trial, we note that punitive damages are not available under the Copyright Act of 1976.

Remedies for infringement under the Copyright Act of 1976 may be pleaded in the alternative, 17 U.S.C. § 504(a), as plaintiffs in this action did plead them, but the copyright owner is to make an election before final judgment. *Id.* (c)(1). Election of statutory damages precludes recovery of actual damages and profits. *Id.* Because we vacate the order as to damages, Oboler and Nostalgia Records, Inc., may make the election which so far as the record indicates they failed to make at the first trial. The determination of statutory damages, including a fivefold increase in the maximum award if the plaintiff proves and the court finds willful infringement, is assigned by statute to the judge rather than the jury. *Id.* (c)(1), (2); 3 M. Nimmer, Nimmer on Copyright § 14.04[C], at 14–31—14–32 (1982) ("the better view"); *but see Gnossos Music v. Mitken, Inc.,* 653 F.2d 117 (4th Cir.1981). Thus, election of statutory damages would not necessitate a new trial.

Alternatively, the parties may proceed to trial on damages. This court has articulated a test for measuring actual damages and profits in *Stevens Linen Associates, Inc. v. Mastercraft Corp.,* 656 F.2d 11, 15–16 (2d Cir.1981). *See generally* 3 M. Nimmer, *supra,* §§ 14.02, .03. We note that the amended complaint states claims under the Copyright Act of 1976, which by its language permits recovery only of "actual" damages. Punitive damages are not available in statutory copyright infringement actions. 3 M. Nimmer, *supra,* § 14.02, at 14–12. It is true that punitive damages have been awarded in common law copyright infringement actions as a matter of state law. *See, e.g., Roy Export Co. Establishment of Vaduz, Liechtenstein v. Columbia Broadcasting System, Inc.,* 672 F.2d 1095, 1106 (2d Cir.1982). Although Oboler stated an "unfair competition" claim for relief, that common law claim seems to us to be preempted by the Copyright Act of 1976. 17 U.S.C. § 301.

Finally, Judge Carter awarded attorney's fees and costs to the plaintiffs, a matter assigned to the court's discretion by statute. 17 U.S.C. § 505 ("the court in its discretion may allow ... full costs ... [and] a reasonable attorney's fee to the prevailing party"). In determining a reasonable attorney's fee, courts consider the amount of work, the skill employed, damages at issue, and the result achieved. 3 M. Nimmer, *supra,* § 14.10[C], at 14–67–68. Such an award assures equal access to courts, provides an economic incentive to challenge infringements, and penalizes the losing party. *Quinto v. Legal Times of Washington, Inc.,* 511 F.Supp. 579, 581 (D.D.C.1981). Judge Carter awarded full costs and $10,000 of the $27,710 sought as attorney's fees, noting that the case was vexatious but simple. Although we do not find the award an abuse of discretion, inasmuch as the determination is affected by the damages issue, we remand for such further order as the court may deem meet.

Judgment affirmed in part, vacated and remanded in part.