**BRODERBUND SOFTWARE, INC. and
Computer Associates International,
Inc., Plaintiffs,**

v.

**MEGATRONICS, INC. and George
Borcelo, Defendants.**

**CENTRAL POINT SOFTWARE,
INC., et al., Plaintiffs,**

v.

**GLOBAL SOFTWARE & ASSESSORIES,
INC., Defendant.**

**BRODERBUND SOFTWARE, INC.
and Central Point Software,
Inc., Plaintiffs,**

v.

**SOFTWARE REVIEW, INC., Defendant.**

**Nos. CV 93–2063, 93–2367 and 93–2368.**

United States District Court,
E.D. New York.

June 21, 1994.

---

Farrell, Fritz, Caemmerer, Cleary, Barnosky and Armentano, P.C. by Dolores Fredrich, Uniondale, NY, for plaintiffs.

McBride, Baker & Coles by Geoffrey G. Gilbert, Chicago, IL, of counsel to plaintiffs.

Torino & Singer, P.C. by Charles A. Singer, Mineola, for defendants.

Galgano & Belkin by Thomas Galgano, Hauppauge, NY, of counsel to defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In each of the above-captioned copyright infringement actions, plaintiffs move to strike the jury demands of the respective defendants. Defendants in each of the actions oppose the motions. The motions are consolidated for purposes of this Court's decision.

Because plaintiffs seek injunctive relief and statutory damages, as permitted by 17 U.S.C. § 504(c), and not actual damages, defendants are not entitled to trial by jury. *See Oboler v. Goldin,* 714 F.2d 211, 213 (2d Cir.1983); *Hunter Broadcasting, Inc. v. Broadcast Music, Inc.,* No. 83–342, 1984 WL 2125 (D.Vt. May 29, 1984); *see also Janus Films, Inc. v. Miller,* 801 F.2d 578, 580 (2d Cir.1986) (citing *Oboler, supra,* in noting lower court's grant of plaintiff's motion to strike a jury demand in a copyright infringement action where plaintiff waived its claim for actual damages and sought statutory damages).

Accordingly, plaintiffs' motions to strike defendants' jury demands are granted.

SO ORDERED.