**Geoffrey T. WILLIAMS, Plaintiff,**

v.

**Michael CRICHTON, Alfred A. Knopf, Inc., Random House, Inc., Universal City Studios, Inc., MCA, Inc., Amblin Entertainment, Inc., Steven Spielberg, and David Koepp, Defendants.**

**No. 93 Civ. 6829 (LMM).**

United States District Court,
S.D. New York.

Dec. 8, 1994.

Jerome R. Halperin, Halperin Klein & Halperin, New York City, for Geoffrey T. Williams.

Richard Dannay, Schwab Goldberg Price & Dannay, New York City, for Michael Crichton, Alfred A. Knopf, Inc., Random House, Inc., Universal City Studios, Inc., MCA, Inc., Amblin Entertainment, Inc., Steven Spielberg, David Koepp.

*MEMORANDUM AND ORDER*

McKENNA, District Judge.

Plaintiff, Geoffrey T. Williams ("Williams"), commenced this action against

Defendants alleging copyright infringement under the Copyright Act of 1976, *as amended,* 17 U.S.C. § 101, *et seq.,* and related claims for an accounting. The Court granted Defendants' motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Williams v. Crichton,* 860 F.Supp. 158 (S.D.N.Y.1994). Defendants now move the Court for attorneys' fees and related expenses under 17 U.S.C. § 505 and Fed.R.Civ.P. 54(d)(2). For the reasons stated below, Defendants' motion is granted.

## I. Attorneys' Fees in Copyright Actions

The Copyright Act states that in its discretion a court may award costs "by or against any party" and "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505; *see also Orgel v. Clark Boardman Co.,* 301 F.2d 119, 122 (2d Cir.), *cert. denied,* 371 U.S. 817, 83 S.Ct. 31, 9 L.Ed.2d 58 (1962). Until recently, the Second Circuit employed the "dual" standard in granting such awards. Under that standard, prevailing plaintiffs would generally recover modest fees, but prevailing defendants would only receive fees where the " 'court [found] plaintiff's suit to have been baseless, frivolous, unreasonable, or brought in bad faith.' " *Roth v. Pritikin,* 787 F.2d 54, 57 (2d Cir.1986) (quoting *Grosset & Dunlap, Inc. v. Gulf & Western Corp.,* 534 F.Supp. 606, 610 (S.D.N.Y.1982)).

In *Fogerty v. Fantasy, Inc.,* —— U.S. ——, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994), the Supreme Court rejected the dual standard. The Court held that while fee awards remained in the court's discretion, "prevailing plaintiffs and prevailing defendants are to be treated alike." *Id.* at ——, 114 S.Ct. at 1033. " 'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.' " *Id.* (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436–37, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)). In *Hensley,* a civil rights action, the Court considered such factors as the reasonableness of legal fees, and the adequacy of their documentation; it therefore provides no direct guidance for copyright actions. The *Fogerty* Court did approve of the guiding factors employed by the Third Circuit, which included " 'frivolousness,

motivation, objective unreasonableness (both in the factual and in the legal components of the case)' . . . so long as such factors are faithful to the purposes of the Copyright Act." —— U.S. at —— n. 19, 114 S.Ct. at 1023 n. 19 (quoting *Lieb v. Topstone Industries, Inc.,* 788 F.2d 151, 156 (3d Cir.1986) (rejecting a double standard in copyright actions)).

■ Noting that the Second Circuit has not spoken to this issue since *Fogerty,* the court in *Screenlife Establishment v. Tower Video,* 868 F.Supp. 47 (S.D.N.Y.1994), reviewed pre-*Fogerty* cases in this circuit and post-*Fogerty* cases from other circuits. The court concluded that prevailing defendants could receive attorneys' fees on a finding of objective unreasonableness of the claim— "bad faith or frivolousness is not a prerequisite to an award." *Id.* at 52.

## II. Applying the Standard

■ Williams argues that he "presented, in good faith, a novel and complex issue, namely, under what circumstances, and upon what standard, should a court find that a book targeted for an adult audience infringes upon the copyright of a book intended for children." (Pl.'s Mem. at 4.) Defendants' position is that this case presented a "run-of-the-mill issue of 'substantial similarity.' " (Defs.' Mem. at 2.) Defendants observe that the substantial similarity test has been applied, without modification, to compare works in different mediums. *See, e.g., Horgan v. Macmillan, Inc.,* 789 F.2d 157, 162 (2d Cir. 1986) (choreographed work could be infringed by substantially similar still photographs); *Rogers v. Koons,* 960 F.2d 301, 312 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 365, 121 L.Ed.2d 278 (1992) (three-dimensional sculpture infringed by two-dimensional photograph); 1 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 13.05(B) (discussing irrelevance of a difference in the media of compared works).

The Court agrees that William's claim was neither "novel" nor "complex." Furthermore, while Williams reminds the Court that it found, *inter alia,* the settings of the works to be similar, 860 F.Supp. at 167, the Court concluded that "[t]hese similarities . . . all

**122**

flow from the concededly uncopyrightable concept of a dinosaur zoo," *id.* (citing Pl.'s Br.Opp'n Summ.J. at 7).

Finding that William's claim was based on the comparison of "highly selective, scattered details," *id.* at 160, the Court granted Defendants' motion for summary judgment. The same finding supports the Courts determination on the present motion that William's claim was "objectively unreasonable." The Court therefore grants Defendants' motion for costs and attorneys' fees. That, of course, does not mean that Defendants are entitled to all of the fees they claim to have earned on this case.

Rule 54 of the Federal Rules of Civil Procedure, as amended effective Dec. 1, 1993, provides for an initial determination of a parties' entitlement to recover costs and attorneys' fees, with a subsequent determination of the size of the award. Fed.R.Civ.P. 54(d)(2). By providing an estimate of the amount sought and promptly filing, Defendants have fulfilled the requirements of Rule 54 for a fee award. In determining, in its discretion, the size of the award, the Court will "consider the amount of work, the skill employed, damages at issue, and the result achieved." *Oboler v. Goldin,* 714 F.2d 211, 213 (2d Cir.1983). Defendants' candid assertion that this case was neither "novel" nor "complex" is also a factor which the Court, in its discretion, may consider.

### III. Conclusion

For the reasons stated above, Defendants' motion is granted. Defendants will provide documentation of their costs and attorneys' fees, including attorneys' time sheets, within 20 days from the date of this Order. Plaintiff may have 20 days to respond.

SO ORDERED.