**TVT RECORDS and TVT Music, Inc., Plaintiffs,**

v.

**THE ISLAND DEF JAM MUSIC GROUP and Lyor Cohen, Defendants.**

**No. 02 Civ. 6644(VM).**

United States District Court, S.D. New York.

May 5, 2003.

See also 257 F.Supp.2d 737.

James E. d'Auguste, Akin, Gump, Strauss, Hauer & Feld, L.L.P., James Philip Chou, Akin, Gump, Strauss, Hauer & Feld, L.L.P., New York, NY, Peter L. Haviland, Rhonda R. Trotter, Akin Gump Strauss Hauer & Feld, LLP, Los Angeles, CA, Tuneen E. Chisolm, Akin, Gump, Strauss, Hauer & Feld, L.L.P., New York, NY, for TVT Records, TVT Music, Inc.

Michael T. Mervis, Proskauer, Rose, L.L.P., New York, NY, Mary Mulligan, Esq., Universal Music Group, New York, NY, for for the Island Def Jam Music Group.

Robert J. Eddington, Proskauer Rose LLP, Michael T. Mervis, Alexander Kaplan, Proskauer, Rose, L.L.P., Mary Mulligan, Esq., Universal Music Group, Matthew S. Dontzin, James M La Rossa, New York, NY, for Lyor Cohen.

### DECISION AND ORDER

MARRERO, District Judge.

On May 1, 2003, the Court read into the trial record of this matter a statement explaining the basis for its ruling with regard to a proposed instruction to the jury concerning the availability of punitive damages in copyright infringement cases. The Court considered and rejected, for the reasons set forth in the Court's remarks, Defendants' request for an instruction stating categorically that punitive damages are not available at all in copyright infringement actions.

Accordingly, it is hereby

**ORDERED** that the Court's statement made on the trial record of this matter on May 1, 2003, a copy of which is attached and incorporated hereto, be filed in the docket of this case.

**SO ORDERED.**

### ATTACHMENT

**Statement of the Court Regarding Jury Instruction Concerning Punitive Damages for Copyright Infringement**

#### May 1, 2003

The Court has spent considerable time reviewing the matter of the availability of punitive damages for copyright infringement under the Copyright Act of 1976. The Court notes that many cases have articulated the general proposition that punitive damages are not available in "statutory copyright actions." Those cases that elaborate on the theory behind this principle explain, as does one of the pair of cases most recently cited by defendants to the Court—*Kamakazi Music Corp. v. Robbins Music Corp.*, 534 F.Supp. 69, 78 (S.D.N.Y. 1982)—that "[w]here an award of statutory damages is awarded ... punitive or exemplary damages are inappropriate.... The public policy rationale for punitive damages of punishing and preventing malicious conduct can be properly accounted for in

the provisions for increasing a maximum statutory damage award ... [for] infringement found to be willful."

The more difficult question, however, arises when a copyright infringement action under the Copyright Act is not limited to statutory damages, as is the case here regarding defendants' use of "Get Tha Fortune," or when a copyright infringement action under the Copyright Act does not authorize statutory damages at all, as is the case regarding defendants' use of "The Rain." Where the contemplated award is actual damages plus profits, such a recovery is compensatory only and does not address the interests of deterrence and punishment that are reflected in the principles underlying both punitive damages and statutory damages for willful infringement. Therefore, in this context, to say that the public policy rationale for punitive damages can be properly accounted for is not correct.

The Court has considered the case law that Defendants cited in support of their arguments against awarding punitive damages in this case under any circumstances. But the facts of most of those decisions are meaningfully distinguishable from the facts of the litigation at hand. The case most directly on point is *Leutwyler v. Royal Hashemite Court of Jordan*, 184 F.Supp.2d 303, 308 (S.D.N.Y.2001). There, Judge Lynch specifically addressed the availability of punitive damages where actual damages plus profits are elected, indicating that even in such cases, the Copyright Act does not contemplate punitive damages. The *Leutwyler* court relies on *Oboler v. Goldin*, 714 F.2d 211, 213 (2d Cir.1983), in which the Second Circuit implicitly precluded punitive damages where actual damages plus profits are elected. Judge Lynch, while recognizing that the germane language in *Oboler* may have been dicta, still found the Circuit Court's

statement sufficiently persuasive to warrant its application to the facts of *Leutwyler.* *See* 184 F.Supp.2d at 308.

Nonetheless, Judge Lynch, in a more recent opinion—*Silberman v. Innovation Luggage, Inc.,* No. 01 Civ. 7109 (GEL), 2003 WL 1787123, at *10 (S.D.N.Y. April 3, 2003)—seems to acknowledge the possibility of punitive damages for copyright infringement under the Copyright Act where malice is present. The court stated that

> *[a]s a general matter* punitive damages are not awarded in a statutory copyright infringement action because the purpose of punitive damages—to punish and prevent malicious conduct—is generally achieved by statutory damages available under the Copyright Act.... While no statutory damages are available here, there is *still* no reason to deviate from this principle in a case where, as here, *no malice or ill will* towards the plaintiffs has been alleged.

*Id.* (emphasis added).

Similarly, the Second Circuit seems to have softened its interpretation of punitive damages under the Copyright Act since its decision in *Oboler* 21 years ago. In *On Davis v. The Gap, Inc.,* 246 F.3d 152, 172 (2d Cir.2001), the Circuit Court, like Judge Lynch in *Silberman,* indicated that punitive damages were unavailable in the statutory copyright context "[a]s a general rule ... [because] [t]he purpose of punitive damages—to punish and prevent malicious conduct—is generally achieved under the Copyright Act through the provisions of 17 U.S.C. § 504(c)(2), which allow increases to an award of statutory damages in cases of willful infringement." *Id.* Indeed, Judge Lynch himself pointed out in *Leutwyler* that this language was reflected "technically in dictum and in slightly softened form." 184 F.Supp.2d at 308.

The language in the more recent discussions on the matter by the Second Circuit

and by Judge Lynch, among others, do not categorically foreclose the availability of punitive damages under the Copyright Act. The logical circumstance in which such damages would be available, provided the requisite malice is indicated, is in cases such as this one where the available damages exclude statutory damages, or where actual damages plus profits are available as an alternative to statutory damages, as is the case regarding "Get Tha Fortune." For these reasons, the Court concludes that TVT's claims for punitive damages for copyright infringement found to be willful are not precluded as a matter of law and can be presented to the jury.

Given the state of the law on this issue, the Court has adjusted slightly its relevant jury instruction in this most recent draft so as to reflect essentially verbatim the relevant model instruction proposed by Leonard B. Sand, *Modern Federal Jury Instructions,* at Instruction 86B–20. In this vein, the Court notes that the existence of such an illustrative instruction for punitive damages under the Copyright Act is itself inconsistent with the view that punitive damages are categorically unavailable under the Copyright Act. This model instruction, contained in perhaps the most prominent treatise on federal jury instructions, has been longstanding and relied upon by courts throughout the country in charging juries on federal law concerning this issue. At any rate, insofar as any ambiguity on this point may exist, it is not lost on this Court that some higher authority may subsequently have occasion to squarely consider this question, at which point, one way or the other, a clear answer may emerge.