**Andrea BLANCH Plaintiff,**

v.

**Jeff KOONS Defendant.**

**No. 03 Civ. 8026.**

United States District Court, S.D. New York.

Aug. 17, 2004.

Cinque & Cinque, P.C., New York, NY, for plaintiff. Robert W. Cinque, of counsel.

The Koegel Group LLP, New York, NY, for defendant. John B. Koegel, of counsel.

**OPINION and ORDER**

STANTON, District Judge.

Plaintiff moves for leave to amend the complaint in this copyright infringement action, to allege a claim for punitive damages. Motions to amend a complaint are

freely granted when justice so requires. Fed.R.Civ.P. § 15(a). Here, however, the defendant opposes the motion, arguing that as a matter of law punitive damages are not available for copyright infringement actions, and the motion should be denied as futile. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

Conventional authority holds that punitive damages are unavailable in copyright infringement actions, regardless of whether plaintiff is seeking statutory damages or the alternative of actual damages plus profits. *See e.g., Oboler v. Goldin,* 714 F.2d 211, 213 (2d. Cir.1983). However, two recent decisions in this district suggest that the copyright statute logically permits punitive damages in cases when the plaintiff seeks actual damages and profits, rather than statutory damages, for willful or malicious infringement.

In the first of those cases, *Silberman v. Innovation Luggage, Inc.,* 2003 WL 1787123 at *9–10 (S.D.N.Y. April 3, 2003), statutory damages under 17 U.S.C. § 504(c) were barred because the infringement commenced before the work was registered, so the plaintiff was relegated to actual damages plus profits under 17 U.S.C. § 504(b). The plaintiff also sought punitive damages. Judge Lynch stated that (1) generally punitive damages are not available as an addition to statutory damages (which allow for increases in cases of willful infringement), because the statutory damages achieve the purpose of deterrence; and (2) since there was no proof of malice or ill will, in *Silberman,* there was no reason to deviate from the general principle, *id.* at *10. In such cases actual damages have sufficient deterrent effect.

In *TVT Records v. The Island Def Jam Music Group,* 262 F.Supp.2d 185, 187 (S.D.N.Y. May 5, 2003) Judge Marrero, relying in part on *Silberman,* held that punitive damages were not foreclosed by the Copyright Act as a matter of law, and allowed claims for punitive damages for willful infringement to go to the jury. He held "the logical circumstances in which such damages would be available, provided the requisite malice is indicated, is in cases such as this one where the available damages exclude statutory damages, or where actual damages plus profits are available as an alternative to statutory damages." He stated that "where the contemplated award is actual damages plus profits, such a recovery is compensatory only and does not address the interests of deterrence and punishment that are reflected in the principles underlying both punitive damages and statutory damages for willful infringement. Therefore in this context, to say that the public policy rationale for punitive damages can be properly accounted for is not correct." *Id.* at 186. In the event, the jury awarded punitive damages for willful copyright infringement. On a subsequent motion for judgment n.o.v. as a matter of law, Judge Marrero did not address that portion of the award because the plaintiffs had by then elected to receive statutory damages instead. *See TVT Records,* 279 F.Supp.2d 366, 384 n. 14; *TVT Records,* 279 F.Supp.2d 413, 416–17, n. 3.

Ultimately, the determination whether punitive damages are available for copyright infringement cases must be made in a case where the issue is squarely presented: where the jury could find malice or willful infringement, and the plaintiff is not seeking (or is barred from obtaining) statutory damages.

Here, as in *Silberman,* statutory damages are unavailable because the infringement commenced before the work was registered. In light of the speculation by one judge of this court, and the (at least) provisional holding by another, I grant leave to amend the complaint so that plaintiff has a chance to prove malice and raise squarely the question whether punitive damages are available to her.

The motion for leave to amend the complaint is granted. In granting such leave I do not forecast any favorable view of plaintiff's position: the present weight and reason of the law (favoring registration)[1] seem strongly against it. I simply allow the argument to be heard on the facts.

So ordered.

---

1. If punitive damages are available to a plaintiff who did not timely register her work, the

statutory purpose of encouraging copyright registration is frustrated.