Joie CALIO, an individual; Michael Gurley, an individual; and Philip Miles Leavitt, an individual (professionally known as the musical group "Dada"); IRS Music, a California Corporation; Warner–Tamerlane Publishing Corp., a California Corporation, Plaintiffs,

v.

SOFA EXPRESS, INC., a Tennessee corporation, Defendant.

No. 8:04–CV–1402–T–24EAJ.

United States District Court,
M.D. Florida,
Tampa Division.

May 4, 2005.

Joe Beck, R. Charles Henn and Pamela C. Mallari of Kilpatrick Stockton for Defendant.

Joseph Bain and Charles Ketrchey of Akerman Senterfitt firm, Tampa, Fla for Plaintiff.

## ORDER

BUCKLEW, District Judge.

This cause comes before the Court on Plaintiffs' Motion for Leave to File an Amended Complaint. (Doc. No. 31). Defendant opposes this motion. (Doc. No. 34).

### I. *Background*

Calio, Gurley, Leavitt, and IRS Music ("Plaintiffs") filed this action alleging that Sofa Express, Inc. ("Defendant") wrongfully infringed upon Plaintiffs' copyright thereby violating 17 U.S.C. § 101 *et seq.* In 1992, Plaintiff musicians Calio, Gurley and Leavitt (professionally known as the musical group "DADA") composed, authored, and wrote an original musical composition entitled "Here Today, Gone Tomorrow." Plaintiffs registered a claim of copyright for "Here Today, Gone Tomorrow" with the United States Copyright Office, which was recorded. Collectively, Plaintiffs Calio, Gurley, Leavitt, Warner–Tamerlane Publishing Corp., and IRS Music all own the copyright interest. Plaintiffs claim that Defendant created an advertising campaign and corporate slogan, including a jingle, entitled "Here Today, Home Tomorrow," which infringed upon

their copyright. Plaintiffs move the Court for leave to amend their complaint to add a claim for punitive damages.

## II. *Standard of Review*

■ Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Because of the liberal policy allowing amendments embodied in Rule 15(a), "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." *Taylor v. Florida State Fair Authority*, 875 F.Supp. 812, 814 (M.D.Fla.1995)(citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

## III. *Discussion*

Plaintiffs move the Court for leave to amend their complaint to add a claim for punitive damages. (Doc. No. 31 at 1). Defendant argues that this Court should deny Plaintiffs' motion as futile, since punitive damages are not available as a remedy for copyright infringement under 17 U.S.C. § 504. (Doc. No. 34 at 1–2). The remedies for copyright infringement pursuant to 17 U.S.C. § 504(a) are as follows:

> Except as otherwise provided by this title, an infringer of copyright is liable for either—
> (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or
> (2) statutory damages, as provided by subsection (c).

17 U.S.C. § 504(a). A plaintiff can elect to choose between these two remedies. "The purpose of punitive damages—to punish and prevent malicious conduct—is generally achieved under the Copyright Act through the provisions of 17 U.S.C.

§ 504(c)(2), which allow increases to an award of statutory damages in cases of willful infringement." *On Davis v. Gap Inc.*, 246 F.3d 152, 172 (2d Cir.2001).

■ The Eleventh Circuit has not addressed whether punitive damages are a proper remedy under § 504(a). However, prevailing case law is clear that punitive damages are not available in a statutory copyright infringement action. *See Budget Cinema, Inc. v. Watertower Associates*, 81 F.3d 729, 733 (7th Cir.1996)("the Copyright Act contains no provision for treble damages . . . and punitive damages are similarly unavailable in such suits."); *On Davis*, 246 F.3d at 172 ("The district court correctly held that [the plaintiff] is not entitled to punitive damages under the Copyright Act.")

Plaintiffs point to two cases from the United States District Court for the Southern District of New York in support of their argument that punitive damages are available as a remedy under § 504(a): *TVT Records v. The Island Def Jam Music Group*, 262 F.Supp.2d 185 (S.D.N.Y. 2003); *Blanch v. Koons*, 329 F.Supp.2d 568 (S.D.N.Y.2004). These cases not controlling and are contrary to prevailing case law.

Furthermore, these cases are in conflict with another district court in the Southern District of New York. In *Leutwyler v. Royal Hashemite Court of Jordan*, the district court, applying Second Circuit precedent, stated that the language setting forth the remedies for a copyright infringement action in § 504(a) "is clear, unambiguous, and exclusive: these are the alternatives available to a copyright plaintiff, and punitive damages are not provided by either of them." 184 F.Supp.2d 303, 308 (S.D.N.Y.2001). Therefore, based on the express language of the 17 U.S.C. § 504(a), which sets forth the remedies for copyright infringement, and the prevailing

case law interpreting this language, this Court finds that punitive damages are not a remedy available under the Copyright Act. As such, the Court finds that the proposed amendment is futile. *See Foman*, 371 U.S. at 182, 83 S.Ct. 227.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 31) is **DENIED**.