**CASS COUNTY MUSIC COMPANY, Kortchmar Music, Hudmar Publishing Co., Inc., Cowbella Music, Sweet Summer Night Music and See This House Music, Plaintiffs,**

v.

**Daniel J. KOBASIC, Defendant.**

**No. M83–348 CA2.**

United States District Court, W.D. Michigan, N.D.

July 19, 1984.

**8**

Lawrence A. Nathanson, Honigman, Miller, Schwartz & Cohn, Detroit, Mich., for plaintiffs.

None, Opinion on Default Judgment.

## OPINION ON DEFAULT JUDGMENT

MILES, Chief Judge.

The present case is a copyright infringement action brought by the American Society of Composers, Authors and Publishers [ASCAP] on behalf of the named plaintiffs. The complaint was served on the defendant on February 6, 1984. A default was entered by the Clerk of the Court on March 12, 1984. A hearing on the plaintiffs' motion for entry of default judgment was held in Marquette on June 4, 1984.

The defendant appeared at the hearing and, proceeding *pro se*, raised various issues which were directed at the propriety of the entry of default rather than to the damages to be assessed on the default judgment. Because wide latitude must be afforded to *pro se* litigants, the Court treated Mr. Kobasic's remarks as a motion to set aside the entry of default. For the reasons stated below, the motion to set aside the default must be denied and the motion for default judgment, in the amounts plead, will be entered.

■ The defendant's first contention is that he failed to answer the plaintiffs' complaint because he construed the language of the summons to indicate that return of the summons to the plaintiff was sufficient to avoid default. However, this claim fails because the summons in the file contains language on both the front and the back page which informed Mr. Kobasic of the need to answer the complaint. The language on the back page, where a signature acknowledging receipt is found, specifically states that an answer must be made in addition to returning the summons. The instruction that, "If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint," cannot be made any clearer.

■ Mr. Kobasic's second defense is fundamentally one of ignorance of the law. In essence, Mr. Kobasic claims that since he instructed the piano player who performs in his establishment not to play ASCAP music, and since he did not know that playing radio programming to his customers is considered "performing" under the copyright laws, he should not be liable for infringement. The law of copyright does not support Mr. Kobasic's position. It is well established that the proprietor of a hotel is liable for copyright infringement if he receives programming from a radio station and simultaneously broadcasts it to his guests by means of speakers, even though the proprietor has no control over the content of programs received. *Buck v. Jewell-LaSalle Realty Company*, 283 U.S. 191, 51 S.Ct. 410, 75 L.Ed. 971 (1931). Likewise, the owner of a restaurant is liable if a group hired to perform for the restaurant's patrons plays copyrighted music for which the restaurant owner is not licensed, even though the group is instructed to avoid playing works belonging in the ASCAP repertory. *Shapiro, Bernstein & Co., Inc. v. Veltin*, 47 F.Supp. 648 (W.D.La.1942); *accord, Famous Music Corp. v. Bay State Harness Horse Racing and Breeding Association*, 423 F.Supp. 341 (D.Mass.1976), *aff'd.*, 554 F.2d 1213 (1st Cir.1977).

Mr. Kobasic's position cannot be distinguished from the law just stated. Furthermore, the defendant's ignorance of the law is less understandable than it would otherwise be but for the fact that this is the third time he has been sued by ASCAP. Thus, while the Court is somewhat sympathetic with Mr. Kobasic, a default judgment will be entered against him. The

Court hopes that Mr. Kobasic can understand that disposing of the case now will ultimately save him money: If his motion to set aside the default had been granted, his position would have been totally indefensible and the costs of making the futile defense would have been great.

Accordingly, plaintiffs' motion for entry of default is GRANTED and judgment will be entered for the amount requested in the complaint, plus costs and attorney's fees.

IT IS SO ORDERED.