**MUSIC CITY MUSIC, et al.**

v.

**ALFA FOODS, LTD.**

Civ. A. No. 84–0881–R.

United States District Court,
E.D. Virginia,
Richmond Division.

June 11, 1985.

Robert R. MacMillan, Breeden, Howard & MacMillan, Norfolk, Va., for plaintiffs.

## OPINION

WARRINER, District Judge.

Presently before the Court is plaintiff's motion, accompanied by a brief and affidavit in support thereof, for a default judgment and a motion for attorney's fees supported by a brief and affidavit.

On 5 December 1984 plaintiffs filed this action alleging three claims of copyright infringement under 17 U.S.C. § 101 *et seq.* Jurisdiction is based on 28 U.S.C. § 1338(a). Service was had upon the registered agent for defendant on 17 December 1984. Defendant did not plead or otherwise defend this action and upon motion of plaintiff, pursuant to Fed.R.Civ.P. 55(a), the Clerk of the Court on 8 April 1985 entered a default against defendant. Defendant's registered agent received notice of the default by certified mail on 9 April 1985.

Defendant owns, controls, manages, operates, and maintains a place of business for public entertainment, accommodation, amusement and refreshment known as Best Western Virginia Inn, located at 5700 Chamberlayne Avenue, Richmond, Virginia. Complaint at 2. Plaintiffs' complaint asserts that defendant "knowingly and intentionally violated plaintiff's rights," *id.* at 3, by, "despite numerous letters and visits by [plaintiffs'] representatives informing the defendant of its liability under the United States Copyright Law, ... continu[ing] to perform copyrighted music without permission during the hours that defendant's establishment is open to the public for business and presenting musical entertainment." *Id.* at 3–4.

Plaintiff Music City Music claims to be the copyright holder of "I'd Just Love to Lay You Down" written by Johnny McCray; plaintiff Milene Music, Inc., claims to be copyright holder of "Blue Eyes Crying in the Rain" written by Fred Rose; and plaintiff MCA, Inc. claims to be the copyright holder of "Orange Blossom Special" written by Ervin Thomas Rouse. Each plaintiff claims that defendant knowingly infringed upon these copyrights by

publicly performing these works at Best Western Virginia Inn on 3 February 1984.

Pursuant to Fed.R.Civ.P. 8(d) the averments, not denied, contained in plaintiffs' complaint are deemed to be admitted.

█ Because defendant has failed to plead or otherwise defend this action, a default judgment is appropriate and shall enter. Because the amount of damages alleged is not for a sum certain (see Wright, Miller & Kane *Federal Practice and Procedure* § 2683) the Court pursuant to Fed.R.Civ.P. 55(b)(2) will determine damages.

█ Plaintiffs have requested statutory damages and costs including reasonable attorneys' fees. They have also prayed for a permanent injunction enjoining defendant from performing or aiding and abetting the performance on defendant's premises of the compositions previously listed.

As to the permanent injunction, 17 U.S.C. § 502 provides in pertinent part: "any court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."

In *Gnossos Music v. Mitken, Inc.*, 211 U.S.P.Q. 841, 653 F.2d 117 (4th Cir.1981) defendant, an owner and operator of a nightclub, was found to have infringed upon plaintiff's copyrights. The Fourth Circuit in discussing the copyright owner's rights stated, "the infringed copyrights are thus entitled to an injunction, actual damages, and profits, or in the alternative, an injunction plus statutory damages." *Id.* at 842, 653 F.2d 117 at 118. *See also Boz Skaggs Music v. KND Corp.*, 491 F.Supp. 908, 914 (D.Conn.1980); *N. Boorstyn, Copyright Law*, § 10:19 (Lawyers Coop 1981 and 1984 Cum.Supp.) ("If after a trial on the merits, he succeeds in establishing copyright infringement, in addition to the recovery of monetary damages, plaintiff is entitled to a permanent injunction.").

While the Fourth Circuit has not set any guidelines for determining when an injunction should issue, other than requiring the

establishment of an infringement, some circuits have held that "a plaintiff is entitled to a permanent injunction in a copyright action when liability has been established and there is a threat of continuing violations." *Encyclopedia Britannica Educational Corp. v. Crooks,* 542 F.Supp. 1156, 1187 (W.D.N.Y.1982) (quoting *Universal Studios, Inc. v. Sony Corp. of America,* 659 F.2d 963, 976 (9th Cir.1981)).

Plaintiffs have established, without dispute, that defendant infringed upon plaintiffs' copyrights despite numerous letters and visits by the American Society of Composers, Authors, and Publishers (ASCAP) informing the defendant of its violation of the copyright laws. Plaintiffs also contend that defendant continues to perform copyrighted music without permission. Considering the past violations by defendant and the unrebutted assertion of plaintiffs in their complaint that an injunction is necessary to restrain the defendant from making further violations of the copyright laws, it appears that plaintiffs have established the right to a permanent injunction by establishing violations of the copyright laws and the threat of continuing violations.

Accordingly, a permanent injunction shall issue restraining defendant and its employees from publicly performing, or causing to be performed, or aiding and abetting the public performance of the compositions that are the subject matter of this suit unless defendant obtains the proper authorization.

17 U.S.C. § 504 deals with damages in a copyright infringement case. Section (a) provides, "Except as otherwise provided by this title, an infringer of a copyright is liable for either—(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided as subsection (c)." Plaintiffs have opted for statutory damages. Section (c) provides in part:

(c) Statutory Damages. (1) Except as provided in clause (2) of this subsection, a copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, ... in a sum of not less than $250 or more than $10,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work. (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that the infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $50,000....

Plaintiffs suggest that damages should be awarded in the amount of $1,500 per violation. Plaintiffs contend that an amount in excess of the statutory minimum should be awarded if defendant is to be deterred from violating the copyright laws in the future.

David Polosky by affidavit, plaintiffs' Exhibit A, states that had defendant been licensed by the ASCAP, its fee as of October 1984 would have been $2,100, and urges the Court to assess damages at $1,500 per violation so that defendant will be put on notice that it costs less to obey the copyright laws than to violate them.

■ While I presume that the award of statutory damages is intended to compensate an injured plaintiff, *see Boz Skaggs Music,* 491 F.Supp. at 914–15, I must also presume that, in a case where a defendant's infringement is found to be willful, the act contemplates that the award may, in the judge's discretion, punish the wrongdoer.

■ It is clear that defendant's actions were willful. Defendant was notified on numerous occasions both by letter and by visits from ASCAP representatives that it was violating the copyright laws. Because of this willful conduct I may, in my discretion, increase the award to a sum not exceeding $50,000.

Considering the willful nature of defendant's act; savings reaped by defendant in

not paying the $2,100 licensing fee; the need to deter defendant from choosing to violate the copyright laws in the future; the strong public interest in insuring the integrity of the copyright laws; and the damages awarded by another court in a case factually very similar, *see Leigh v. Sakkaris*, 215 U.S.P.Q. 113, 116 (N.D.Cal. 1982), the Court assesses statutory damages in the amount of $1500 per infringement.

Plaintiff has moved for costs and attorneys' fees. 17 U.S.C. § 505 provides "in any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to prevailing party as part of the cost."

 In determining whether or not to grant costs, including attorneys' fees, I am guided by the holding in *Leigh v. Sakkaris*, 215 U.S.P.Q. 113, 116 (N.D.Cal.1982). The court in *Leigh* exercised its discretion in granting attorneys' fees. That case was factually very similar to this case in that it dealt with a restaurant that gave public performances of copyrighted music without obtaining authority to do so. After considering *Leigh*, I am inclined to grant the motion for costs, including attorney's fees. However, the affidavits supporting plaintiffs' prayer for attorneys' fees is not detailed and I cannot determine, from the affidavit nor from the brief in support of the motion, what a reasonable attorney fee would be in this case. Accordingly, plaintiffs are instructed to submit within ten days of the entry hereof a detailed brief and proofs as required by Local Rule 11(F) and (L). Failure to timely do so will constitute a waiver as to the attorney's fees.

And it is so ORDERED.