Cy **COLEMAN, Jerry Herman, Almo Music Corp., Granite Music Corp., Criterion Music Co., Gladys Music, Chappell & Co., and Shapiro, Bernstein & Co., Plaintiffs,**

v.

**Jack Lee PAYNE, Defendant.**

**No. G87–385CA1.**

United States District Court, W.D. Michigan.

May 12, 1988.

---

Honigman, Miller, Schwartz & Cohn by
Gerard Mantese, Detroit, Mich., for plain-
tiffs.

## OPINION

ENSLEN, District Judge.

This matter is before the Court on plain-
tiffs' motion for default judgment against
the defendant. Plaintiffs commenced this
action on April 29, 1987 and defendant was
personally served with the summons and
complaint on May 5, 1987. To date, almost
exactly one year later, defendant has failed
to enter an appearance, answer or other-
wise defend himself in this action. This is
a willful copyright infringement action aris-
ing out of the unauthorized performance on
July 23, 1986 over defendant's radio station

WJPW in Rockford, Michigan, of the following ten musical compositions: "You'd be So Nice to Come Home To," "Till," (also known as "Piere Sans Espor"), "Falling in Love With You," "Side by Side," "Real Live Girl," "Hello Dolly," "Spanish Flea," "Tiny Bubbles," "Pearly Shells," and "Red Roses for a Blue Lady." Defendant is the owner and operator of radio station WJPW, located in Rockford, Michigan. Plaintiffs are the proprietors of the copyrights in the musical compositions named above and seek the following remedies for these infringements: an injunction prohibiting further infringing performances of their copyrighted works, statutory damages in each cause of action, and costs including reasonable attorneys fees. *See,* 17 U.SC. §§ 502, 504, 505.

Each of the plaintiffs in this action is a member of the American Society of Composers, Authors and Publishers ("ASCAP"), to which they have granted a nonexclusive right to license nondramatic public performances of their copyrighted musical compositions. On behalf of plaintiffs and more than 35,000 other members, ASCAP licenses thousands of music users, including radio and television stations, restaurants, taverns, nightclubs and other establishments whose owners desire to perform lawfully copyrighted musical compositions in the ASCAP repertory.

The Court finds that, in undertaking the conduct complained of in this action, defendant knowingly and intentionally violated plaintiffs' rights. Defendant's knowledge and intent are established by the following facts:

(1) Since defendant began operating WJPW in 1964, he has known of, and, for various periods, has had a license agreement with ASCAP. That license agreement authorized public performance of any or all of the hundreds of thousands of copyrighted musical compositions in the ASCAP repertory by broadcast over WJPW. In return for his license, defendant agreed to pay license fees to ASCAP.

(2) Defendant, however, consistently failed to pay license fees to ASCAP on a timely basis as required by the license

agreements. As a result, ASCAP recently duly terminated defendant's license agreement on January 25, 1982. Subsequently, members of ASCAP, including plaintiff Almo Music Corp., filed a virtually identical copyright infringement action against defendant. *See, Rodgers v. Jack Lee Payne,* Civil Action No. G–83–088–CA1 (W.D.Mich. filed February 4, 1983). This Court (per Enslen, D.J.) entered a default judgment against defendant in the *Rodgers* action on May 16, 1983, awarding plaintiffs $4,000.00 in damages plus $599.00 in costs and attorney's fees. As of this date, there remains due a balance of $3,467.39 plus interest on the judgment.

(3) Despite the entry of the judgment in *Rodgers,* which itself followed yet another infringement action against the same defendant, *Lee Adams, et al. v. Jack Lee Payne,* No. 6–76–398CA1 (W.D.Mich.1976), defendant has continued to perform copyrighted songs in the ASCAP repertory without an ASCAP license for WJPW or permission obtained directly from plaintiffs and other ASCAP members. The many unauthorized performances broadcast over WJPW include the performances of the ten copyrighted musical compositions upon which this action is based.

Plaintiffs submitted the affidavit of David S. Hochman, an ASCAP employee, which clearly establishes the facts mentioned above. It further establishes that defendant had actual knowledge that radio station WJPW was not licensed by the ASCAP to perform copyrighted musical compositions in the ASCAP repertory and that the performance of such compositions without authorization constituted copyright infringement. In spite of this knowledge, defendant continued to perform copyrighted musical compositions belonging to ASCAP's members without permission. Consequently, he became a willful infringer under the Copyright Act, 17 U.S.C. § 101, *et seq.*

### Discussion

1. *Injunction.* Plaintiffs are entitled to an injunction prohibiting defendant from unlawfully infringing plaintiffs' copy-

rights in the musical compositions that are the subject of this suit. As 17 U.S.C. § 502(a) provides:

Any court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

It has long been held that when infringement occurs, a copyright proprietor is entitled to an injunction prohibiting further infringing performances. *See, Interstate Hotel Co. v. Remick Music Corp.*, 58 F.Supp. 523 (D.Neb.1944), *aff'd*, 157 F.2d 744 (8th Cir.1946), *cert. denied*, 329 U.S. 809, 67 S.Ct. 622, 91 L.Ed. 691 (1947); *Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908 (D.Conn.1980). Since it appears that defendant has willfully and repeatedly infringed plaintiffs' copyrights, a permanent injunction is appropriate in this matter.

2. *Damages.* The Copyright Act, 17 U.S.C. § 504(c)(1), provides in pertinent part that:

[T]he copyright owner may elect ... to recover, instead of actual damages and profits, an award of statutory damages ... in a sum of not less than $250 or more than $10,000 as the court considers just.

Statutory damages range, in the Court's discretion, between $250 and $10,000 for each musical composition infringed. If infringement is willful, as it is here, the Court may increase the award of statutory damages to $50,000 for each cause of action. 17 U.S.C. § 504(c)(2). Plaintiffs here have elected to seek statutory damages, rather than to prove actual damages.

In interpreting section 504(c) and its predecessor, section 101(b) of the 1909 Copyright Law, courts have held that the statute invests the trial court with wide discretion to set damages within the statutory limits. Courts have often employed this discretion in awarding substantial statutory damages in cases of copyright infringement.

As the Supreme Court stated in *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276 (1952), one of the principles underlying the Copyright Act is the deterence and discouragement of wrongful conduct. There the Court observed that:

[A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes. Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy. 344 U.S. at 233, 73 S.Ct. at 225.

■ Defendant should not be allowed to benefit from his willful infringements. Thus, a starting base for the assessment of statutory damages should be the amount of ASCAP license fees which would have been paid had the defendant remained properly licensed to date. *See Morley Music Co. v. Dick Stacey's Plaza Motel, Inc.*, 725 F.2d 1, 3 (1st Cir.1983). However, as Circuit Judge Lumbard, sitting by designation, cogently explained, the defendant "cannot expect to pay the same price in damages as it might have paid after freely negotiated bargaining, or there would be no reason scrupulously to obey the copyright law." *Iowa State University Research Foundation, Inc. v. ABC, Inc.*, 475 F.Supp. 78, 83 (S.D.N.Y.1979), *aff'd*, 621 F.2d 57 (2d Cir. 1980). *See also, Keca Music, Inc. v. Johnson*, No. 5–78–74 (N.D.Tex. June 18, 1979) (awarding $21,000 in damages and fees, or three times the appropriate license fees).

In short, the defendant in this action is a willful infringer of plaintiffs' copyrights who has failed to pay prior judgments against him or to secure the appropriate ASCAP license. As the court noted in *Boz Scaggs Music*, 491 F.Supp. at 914, "Taken together, these incidents paint a picture of a businessman who believes either that he

is not subject to the copyright laws of the United States or that he can ignore them with impunity." The court finds ample justification for an award of substantial statutory damages against defendant.

█ In numerous reported and unreported infringement actions similar to the case at bar, courts have exercised their discretion to award statutory damages far in excess of the minimum award of $250 for each infringement proven. *See, e.g., April Music, Inc. v. William F. Gipperich*, No. G–86–1032–CA7 (W.D.Mich. November 3, 1987) [available on WESTLAW, 1987 WL 49420] (Enslen, D.J.) ($1,000.00 per infringement); *Blue Seas Music v. Layne*, No. 87–CV–70561–DT (E.D.Mich. July 23, 1987) ($1,000.00 per infringement); *Virgin Music, Inc. v. Messmore Corp.*, No. 85–CV–10498–BC (E.D.Mich. May 14, 1986) (Churchill, D.J.) ($1,250.00 per infringement); *Southern Nights Music v. Kochendorfer*, No. 85–CV–60297–AA (E.D.Mich. May 20, 1986) (Joiner, D.J.) ($2,000.00 per infringement); *Dorothy F. Rodgers v. WKLA, Inc.*, No. G–84–386–CA5 (W.D. Mich. July 28, 1986) (Hillman, D.J.) ($1,000.00 per infringement); *Swallow Turn Music v. Bashara*, NO. G–84–406–CA1 (W.D.Mich. September 13, 1985) (Hillman, D.J.) ($1,500.00 per infringement); *Cass County Music Co. v. Kobasic*, 635 F.Supp. 7 (W.D.Mich.1984) (Miles, D.J.) ($1,000.00 per infringement). Moreover, substantial damages, in an amount well in excess of appropriate licensing fees, are appropriate where the defendant repeatedly violates the copyright laws despite actual knowledge of their licensing requirements.

█ In *Mitch Leigh v. Sakkaris*, 215 U.S.P.Q. 113 (N.D.Cal.1982) [available on WESTLAW, 1982 WL 1262], the defendant would have paid ASCAP less than $600 in license fees if he had been properly licensed. The court awarded plaintiffs $1,000.00 per infringement for a total of $6,000 in statutory damages, stating:

> This seems to be a very fair request considering defendants have intentionally ignored the rights of the copyrighted authors and the laws of the United States in attempting to make a profit for themselves. It should be noted that AS-

CAP, since 1978, has informed defendants of the legal requirements for public performance of the copyrighted works in their establishment, but defendants still refused to obey legal requirements.

*Id.* at 116. Similarly, in *Music City Music v. Alfa Foods, Ltd.*, 616 F.Supp. 1001 (E.D. Va.1985), the court held that the total award of statutory damages should exceed the unpaid ASCAP license fees "so that defendant will be put on notice that it costs less to obey the copyright laws than to violate them," and awarded $1,500 for each cause of action. *Music City Music*, 616 F.Supp. at 1003.

In this case, plaintiffs offer no proof of actual damages and request that the Court award $5,000 in statutory damages for each infringement. In support of such damages, plaintiffs offer the Affidavit of David Hochman, of ASCAP's Radio Department, which shows that defendants would owe approximately $5,450.00 in license fees to ASCAP if Radio Station WJPW had remained properly licensed to date. This affidavit also makes clear that defendant certainly had notice that his unauthorized broadcast of copyright music constituted copyright infringements before the date on which the infringements occurred. The Court agrees with plaintiffs that an award of $5,000 per infringement (for a total of $50,000) is not only supported by the evidence but necessary to deter further wrongful conduct by this defendant. The defendant's lack of respect for the plaintiffs' rights, the copyright laws and the legal system in general (as evidenced by his failure to appear in this action), merit this substantial award. The Court will, therefore, award plaintiffs statutory damages of $5,000 per infringement, for a total award of $50,000, both as compensation for their loss and as a means to deter this defendant, and others like him, from further copyright violations.

█ 3. *Costs and Attorneys' Fees.* The recovery of costs and attorneys' fees by the prevailing party in a copyright infringement action is governed by 17 U.S.C. 505, which provides:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fees to the prevailing party as party of the costs.

Attorneys' fees are routinely granted in similar copyright infringement actions. Reported cases in which attorneys' fees have been awarded in similar circumstances include: *Chappell & Co. v. Middletown Farmers Market & Auction Co.*, 334 F.2d 303 (3rd Cir.1964) (damages of $1,250 and attorneys' fees of $1,000); *Warner Bros., Inc. v. Lobster Pot, Inc.*, 582 F.Supp. 478 (N.D. Ohio 1984) (damages of $2,500 and attorneys' fees of $6,393.75); *Milene Music, Inc. v. Gotauco*, 551 F.Supp. 1288 (D.R. I.1982) (damages of $5,000 and attorneys' fees of $2,250); *Mitch Leigh v. Sakkaris*, 215 U.S.P.Q. 113 (N.D.Cal.1982) (damages of $6,000 and costs and attorneys' fees of $1,500); *Rodgers v. Quests, Inc.*, 213 U.S.P.Q. 212 (N.D. Ohio 1981) [available on WESTLAW, 1981 WL 1391] (damages of $27,750 and attorneys' fees of $26,400); *Warners Bros. v. O'Keefe*, 468 F.Supp. 16 (S.D. Iowa 1977) (damages of $2,500 and attorneys' fees of $3,000).

Plaintiffs' counsel submitted an affidavit indicating that legal fees in this matter total $920.63, and that counsel has advanced costs in the amount of $132.00. The Court finds these amounts to be reasonable, and will therefore grant plaintiffs' request for costs and attorneys fees in the amount of $1,052.63.

## JUDGMENT

In accordance with the written opinion dated May 12, 1988;

IT IS HEREBY ORDERED that Plaintiffs' Motion for Entry of Default Judgment is GRANTED;

JUDGMENT is hereby entered in favor of PLAINTIFFS and against DEFENDANT. DEFENDANT shall pay to PLAINTIFFS statutory damages in the amount of $5,000.00 for each of the ten infringements alleged, for a total of $50,000.00; DEFENDANT shall pay PLAINTIFFS costs and attorneys fees in the amount of $1,052.63.

IT IS FURTHER ORDERED that DEFENDANT is permanently ENJOINED from performing the infringed compositions, unless and until defendant obtains the appropriate licenses to perform those works.