**ALMO MUSIC CORP., et al., Plaintiffs,**

v.

**T & W COMMUNICATIONS CORP., Defendant.**

No. EC91–70–S–D.

United States District Court, N.D. Mississippi, E.D.

Sept. 14, 1992.

William H. Cox, Jr., Watkins & Eager, Jackson, Miss., for plaintiffs.

Randolph Walker, Walker & Turner, West Point, Miss., for defendant.

## OPINION

SENTER, Chief Judge.

This case involves claims of willful copyright infringement based on defendant's public performances of copyrighted musical compositions, which were broadcast over radio station WACR–FM in Columbus, Mississippi. Presently before the court is plaintiffs' unrefuted motion for summary judgment. Although this court cannot grant summary judgment by default, i.e., simply because there is no opposition to the motion, *Hibernia National Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985), the court may accept as undisputed the movant's version of the facts and grant the motion where the movant has made a prima facie showing of its entitlement to summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). This is the position the court now finds itself in, for not only has defendant not responded to the instant motion, it has also failed to respond to plaintiffs' requests for admissions. Clearly, under Fed. R.Civ.P. 36, these matters are admitted and thus "conclusively established."

## FACTS

Plaintiffs, who are members of the American Society of Composers, Authors and Publishers (ASCAP), are owners of valid copyrights in the fourteen songs which form the basis of this action. To lawfully perform copyrighted music, a radio station must have permission, either by license from ASCAP or directly from the ASCAP member. At the time of the alleged infringement, defendant owned and operated two radio stations in Columbus, Mississippi—WACR–FM and WACR–AM. Neither of these stations is licensed by ASCAP, WACR–FM's license having been terminated for default in payment of licensing fees on March 29, 1989. At that time, defendant was warned that it "is not licensed to perform copyrighted musical compositions in the ASCAP repertory, and any performances of our members' copyrighted works without advance written permission, will constitute infringements under the United States Copyright Law."

On May 11, 1989, plaintiffs engaged the services of Timothy Chesnut to make tape recordings of WACR–FM broadcasts and to prepare logs of those broadcasts. On that day, he recorded fourteen songs, which underlie the basis of this action. As just indicated, WACR–FM was not licensed to perform any ASCAP material, nor did it have permission directly from plaintiffs or their agents to perform these songs. According to plaintiffs, defendant has continued daily to broadcast copyrighted songs over both stations without permission to do so. Plaintiffs estimate that if properly licensed by ASCAP though May, 1992, the stations would owe combined licensing fees of $21,729.52.

## DISCUSSION

17 U.S.C. § 501 prohibits infringement of any copyright. To establish liability in the context of this case, i.e., for infringement of copyrights in musical compositions, plaintiffs must prove the following:

(1) the originality and authorship of the compositions involved;

(2) compliance with all formalities required to secure a copyright under Title 17 of the United States Code;

(3) plaintiffs' ownership of the copyrights of the subject compositions;

(4) defendants' public performance of the compositions; and

(5) defendants' failure to obtain permission from any of the plaintiffs or their representatives for such performance.

*Almo Music Corp. v. 77 East Adams, Inc.,* 647 F.Supp. 123, 124 (N.D.Ill.1986). In the instant case, plaintiffs, through the Rule 36 admissions and the uncontested summary judgment evidence, have easily established each of these elements. *See Nick–O–Val Music Co. v. P.O.S. Radio, Inc.,* 656 F.Supp. 826, 828 (M.D.Fla.1987); *Milene Music, Inc. v. Gotauco,* 551 F.Supp. 1288, 1292 (D.R.I.1982).

Having found that defendant infringed on plaintiffs' copyrights, the court must next determine the appropriate relief. In this respect, plaintiffs request the issuance of an injunction, an award of statutory (rather than actual) damages, and costs and attorney's fees.

### I. Statutory Damages

17 U.S.C. § 504(c) provides:

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect ... to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $500 or more than $20,000 as the court considers just.

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $100,000.

In this regard, plaintiffs request $42,000 ($3,000 for each of the fourteen infringements).

■ The amount of statutory damages "is left to the discretion of the Court within the minimum and maximum amounts fixed by the statute," *Milene Music*, 551 F.Supp. at 1296; however, in awarding statutory damages, the court must consider the following factors:

> (i) expenses saved and profits reaped by defendant[ ] in connection with the infringement; (ii) revenues lost by the plaintiffs; (iii) whether the infringement was willful and knowing, or whether it was accidental and innocent.

*Id.* In weighing these factors, "most courts that have pondered the issue do not attach great weight to profits gained or to income lost.... Courts thus have focused largely on the element of intent, and the per-infringement award tends understandably to escalate, in direct proportion to the blameworthiness of the infringing conduct." *Id.* (citations omitted).

In this instance, the court finds that defendant's course of conduct reveals a willful violation of the copyright laws. Several factors, which have been recognized by other courts as indicative of willfulness, lead to this conclusion. First, defendant "was familiar with ASCAP's role in the licensing process, and in fact paid fees to ASCAP ... for some time prior to embarking on a course of deliberate nonpayment of license fees. That stratagem led to license revocation...." *Id.* Second, defendant "repeatedly rebuffed offers to resolve this dispute prior to the commencement of litigation...." *Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908, 915 (D.Conn.1980). Third, defendant's "defense efforts in this action have been spare...." *Boz Scaggs*, 491 F.Supp. at 915. And finally, defendant "made no attempt whatsoever to avoid infringement," *id.*, and, "seemingly undeterred by lack of licensure and-or permission, proceeded boldly to appropriate protected compositions to [its] own use." *Milene Music*, 551 F.Supp. at 1296.

The court is of the opinion that statutory damages in the amount of $28,000 ($2,000 per infringement) is sufficient "to deter further wrongful conduct by this defendant," *Coleman v. Payne*, 698 F.Supp. 704,

708 (W.D.Mich.1988), and to put it "on notice that it costs less to obey the copyright laws than to violate them." *Music City Music v. Alfa Foods, Ltd.*, 616 F.Supp. 1001, 1003 (E.D.Va.1985).

## II. Injunctive Relief

■ 17 U.S.C. § 502(a) states: "Any court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." An injunction should issue "when a substantial likelihood of further infringement of plaintiffs' copyrights exists." *Milene Music*, 551 F.Supp. at 1295. Here, according to plaintiffs' unrefuted summary judgment evidence, defendant continues to operate its stations without licenses or permission, and thus, further infringement is more than substantially likely—it is a reality. Accordingly, an injunction shall issue to restrain defendant from infringing on plaintiffs' copyrights in the fourteen subject compositions. Although the terms of the injunction are not those requested by plaintiffs, i.e., that defendant be enjoined from broadcasting any and all music in the ASCAP repertory, they are in line with the majority of courts considering this issue. Indeed, the risk of committing additional violations is still borne by defendant.

## III. Costs and Attorney's Fees

17 U.S.C. § 505 allows the court in its discretion to award plaintiffs their full costs and a reasonable attorney's fee. "Although attorney's fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely." *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985). As recognized by the court in *Boz Scaggs*,

> Some of the considerations that might justify the *denial* of fees include the presence of a complex or novel issue of law that the defendant[ ] litigate[s] vigorously and in good faith; the defendant['s] status as [an] innocent, rather than willful or knowing infringer[ ]; bad faith on the plaintiffs' part in prosecut-

ing the action; or a good faith attempt by the defendant[ ] to avoid infringement.

*Boz Scaggs,* 491 F.Supp. at 915 (emphasis in original) (citations omitted). None of these factors are present in this case. The court therefore finds an award of costs and attorney's fees is appropriate.

Plaintiffs have submitted the affidavit of their counsel who avers that his usual and customary rate in this type of case is $135.00 per hour. Although defendant has offered no opposition to this request, the court finds that it is not in line with that ordinarily awarded in this district. The court therefore finds that $100.00 per hour for the fourteen hours expended on this case will adequately and fairly compensate plaintiffs' counsel. Plaintiffs also ask for the payment of their costs of $186.47. The court finds this amount completely reasonable.

A final judgment shall issue.

### FINAL JUDGMENT

Pursuant to an opinion filed contemporaneously herewith, it is ORDERED:

That plaintiffs' motion for summary judgment is granted;

That plaintiffs recover from defendant statutory damages in the amount of $28,-000.00;

That plaintiffs recover from defendant costs and attorney's fees in the amount of $1,586.47;

That defendant and its officers, agents, servants, and employees are hereby enjoined and restrained from further infringement of plaintiffs' copyrights in the fourteen musical compositions listed on Schedule A of the complaint in this action;

That this cause is dismissed with prejudice.

SO ORDERED AND ADJUDGED.