**JOBETE MUSIC CO., INC., Full Keel Music Co., Air Control Music, Inc. (Air Control Music Division), So So Def Music and Emi April Music, Inc., Plaintiffs.**

v.

**Callop HAMPTON, Defendant.**

**Civ. A. No. 3:94–CV–356BN.**

United States District Court, S.D. Mississippi, Jackson Division.

Oct. 20, 1994.

---

**8**

Steven D. Orlansky, Watkins & Eager, Jackson, MS, for plaintiffs.

No attys. for defendant.

### OPINION AND ORDER[1]

BARBOUR, Chief Judge.

Before the Court is the Plaintiffs' Motion for Default Judgment against the Defendant Callop Hampton ("Hampton"). In this action for copyright infringement by unauthorized public performance of Plaintiffs' copyrighted musical compositions, Plaintiffs seek injunctive relief, statutory damages, and attorneys' fees and expenses. Hampton has not made an appearance in this action, and the Clerk of the Court made an entry of Default against the Defendant on July 22, 1994. The Defendant has not responded to the motion. The

Court, having considered the Motion, the Memorandum in support thereof, and the Court file, finds the Motion is well taken and should be granted.

### I. FACTS

Plaintiffs own the copyrights in three musical compositions that are the subject of this suit, "O.P.P.," "Understanding," and "Just Kickin' It." They seek remedies provided by the United States Copyright Law, 17 U.S.C. §§ 502, 504, and 505. Specifically, they request an injunction prohibiting further infringing performances of any copyrighted ASCAP[2] member songs, statutory damages of $2,500 for each of the three infringements, and attorneys' fees and expenses totalling $1,162.50.

Plaintiffs are members of ASCAP, to which they have granted a nonexclusive right to license nondramatic public performances of their copyrighted musical compositions. On behalf of Plaintiffs and its almost 50,000 members, ASCAP licenses thousands of radio and television stations, restaurants, nightclubs and other establishments whose owners desire to perform lawfully copyrighted musical compositions in the ASCAP repertory.

Defendant Hampton owns and operates an establishment offering public entertainment, known as the Stardust Disco & Lounge ("Stardust"), located in Jackson, Mississippi. Plaintiffs have submitted the affidavit of ASCAP's Division Manager, Richard Sobecki ("Sobecki Affidavit"), which establishes that Hampton knew that Stardust was not licensed to perform copyrighted musical compositions in the ASCAP repertory, and that performance of songs such as those performed on the nights in question without a license would constitute copyright infringement.[3] ASCAP also sent investigators, who determined that Stardust had infringed the particular copyrights at issue in this case.

---

1. The Court borrows heavily from Judge Enslen's 1990 Opinion, *Brockman Music, Varry White Music, Guns N'Roses Music, and Strong Arm Music v. Grace A. Miller and George A. Miller,* 1990 Copyright L.Dec. (CCH) ¶ 26,602 (W.D.Mich. 1990). The facts and legal contentions of that case are almost identical to those currently before the Court.

2. American Society of Composers, Authors and Publishers.

3. "O.P.P." was played on November 20, 1993, "Understanding was played on March 13, 1994, and "Just Kickin' It" was played on March 12, 1994.

Between July 23, 1990, and May ·31, 1994, ASCAP repeatedly contacted Hampton and his lawyer, James Abram, and advised them of the infringing nature of Hampton's activities at Stardust.[4] If Stardust had been properly licensed by ASCAP from June 1, 1990 to December 31, 1994, Hampton would owe license fees totalling $3,867.20. ASCAP states it incurred out-of-pocket expenses of $1,259.99 in investigating Stardust to obtain the evidence of infringements on which this action is based. Finally, Sobecki claims that he is "informed and believe[s] that defendant continues to perform copyrighted music at the Stardust. . . ." Sobecki Affidavit at 4.

Hampton failed to enter an appearance, answer, or otherwise defend himself in this action, though he was duly served with process of this Court. As a result, the Clerk of the Court entered a default against Callop Hampton on July 22, 1994.

## II. *DISCUSSION*

### A. Injunctive Relief.

 Plaintiffs are entitled to an injunction prohibiting Hampton and the Stardust from unlawfully infringing their copyrights in the musical compositions that are the subject of this suit. As 17 U.S.C. § 502(a) provides:

> Any court having jurisdiction of a civil action arising. under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C.A. § 502(a) (West 1977). When a copyright infringement occurs, a copyright proprietor is entitled to an injunction prohibiting further infringing performances. *Brockman Music v. Miller*, 1990 Copyright L.Dec. (CCH) ¶ 26,602, 23,585 (W.D.Mich. 1990); *International Korwin Corp. v. Kowalczyk*, 665 F.Supp. 652 (N.D.Ill.1987), *aff'd*, 855 F.2d 375 (7th Cir.1988); *Coleman v. Payne*, 698 F.Supp. 704, 707 (W.D.Mich. 1988). Further, recognizing that plaintiffs in this type of action represent all of ASCAP's members, recent cases have enjoined defendants from performing any or all music in

the ASCAP repertory. *Brockman Music v. Miller*, 1990 Copyright L.Dec. (CCH) ¶ 26,-602, 23,585 (W.D.Mich.1990) (defendants enjoined from performing any musical composition licensed through ASCAP); *Brockman Music v. Mass Bay Lines, Inc.*, 1988 Copyright L.Dec. (CCH) ¶ 26,259, 26269 (D.Mass. 1988) (same). Since it appears in this case that Hampton has willfully and repeatedly infringed Plaintiffs' copyrights, a permanent injunction is appropriate in this matter, and the Court will enter an order prohibiting Hampton and Stardust from performing any musical composition licensed through ASCAP.

### B. Statutory Damages.

 Plaintiffs in this case also seek statutory damages, as provided for by the Copyright Act, 17 U.S.C. § 504(c)(1):

> [T]he copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages . . . in a sum of not less than $500 or more than $20,000 as the court considers just.

17 U.S.C.A. § 504(c)(1) (West Supp.1994). The Court has wide discretion to determine the amount of damages to award within this statutory range. *See, e.g., F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32, 73 S.Ct. 222, 224–25, 97 L.Ed. 276 (1952); *Morley Music Co. v. Dick Stacey's Plaza Motel, Inc.*, 725 F.2d 1 (1st Cir.1983). Factors to be considered include "(1) the expenses saved and profits reaped by the defendants in connection with the infringements; (2) the revenues lost by the plaintiffs as a result of the defendants' conduct; and (3) the infringers' state of mind—whether willful, knowing, or merely innocent." *Nick–O–Val Music Co. v. P.O.S. Radio, Inc.*, 656 F.Supp. 826, 829 (M.D.Fla.1987); *Boz-Scaggs Music v. KND Corp.*, 491 F.Supp. 908, 914 (D.Conn.1980).

In *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, the United States Supreme Court made clear that one of the principles underlying the Copyright Act is the deterrence of wrongful conduct:

---

4. The Sobecki Affidavit indicates ASCAP or its representatives contacted or attempted to contact Hampton or Abram, by mail and by phone, over twenty-five times.

[A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reputation for injury but also is designed to discourage wrongful conduct.... Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy.

344 U.S. at 233, 73 S.Ct. at 225.

Mississippi courts have routinely awarded substantial statutory damages in cases similar to the one at bar. In *Almo Music Corp. v. T & W Communications Corp.*, the court awarded $2,000 for each of fourteen infringements. 798 F.Supp. 392, 394 (N.D.Miss. 1992). In *Brockman Music v. Papa Joe's, Inc.*, Judge Russell of the Southern District of Mississippi awarded plaintiffs $2,000 for each of eight infringements, writing,

> The Court finds that in order to serve as a deterrent to copyright violators ... it is deemed necessary and reasonable to allow a recovery in excess of the license rate; otherwise, the acts of Defendants could serve as a notice to them and to other potential copyright violators that they can infringe, violate the U.S. Copyright Law, and take a chance on not being caught.

Civ.Action No. H85–0128(R) (S.D.Miss.1986) (unpublished opinion).

In this case, Plaintiffs offer no proof of actual damages and request that the Court award $2,500 in statutory damages for each infringement. In support of their request, they rely on the Sobecki Affidavit, which shows that ASCAP repeatedly notified Hampton of his infringing activities prior to commencement of this litigation, and that Defendant would owe approximately $3,867.20 in license fees if properly licensed by ASCAP through 1994. The Court finds that an award of $2,500 per infringement (for a total of $7,500) is supported by the evidence and will deter plaintiffs from continuing their infringing conduct.

## C. Costs and Attorneys' Fees.

■ The recovery of costs and attorneys' fees by the prevailing party in a copyright action is governed by 17 U.S.C. § 505.

> [T]he court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C.A. § 505 (West 1977). As the Court of Appeals for the Fifth Circuit stated in *Micromanipulator Co., Inc. v. Bough*, in copyright infringement cases, "[a]lthough attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely." 779 F.2d 255, 259 (5th Cir.1985), *citing Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1241 (5th Cir.1984).

Plaintiffs' counsel has submitted an affidavit indicating that ASCAP has incurred $936 in legal fees, and $226.50 in costs. The Court finds these amounts to be reasonable and will therefore grant Plaintiffs' request for costs and attorneys' fees in the amount of $1,162.50.

## III. *CONCLUSION*

IT IS THEREFORE ORDERED that Callop Hampton pay to Plaintiffs statutory damages of $7,500, and attorneys' fees and costs of $1,162.50, for a total judgment of $8,662.50 plus interest at the rate of 6.06 percent per annum until paid in full. It is further ordered that a permanent injunction be entered this day, prohibiting Callop Hampton and the Stardust Disco and Lounge from performing or playing any musical composition licensed through American Society of Composers, Authors and Publishers (ASCAP), unless and until such time that Callop Hampton and the Stardust Disco and Lounge should become properly licensed to perform music from the ASCAP repertory.

SO ORDERED.